Lane, C. J.
The covenant on which the suit was brought was single when.made, and by general principles must be enforced in a single action. The condition under which it admits parcelment, is a tenure of the estate by different persons, while the covenant was running with it; in this case it attaches to each separate part, and the holder of each has his separate remedy. 7 Ohio, 111, pt, 2. This condition does not exist in the present case. The land from which they were evicted is held by the children of St. Clair, as parceners, who collectively before partition have but one estate, make but one heir, have a joint interest, and should ordinarily pursue a common remedy for their rights. Co. Lit. 163, 164 ; Black. Com. 187, 189.
Besides, a covenant real when broken loses its transmissible character, and becomes a mere chose in action. If broken in the life of the ancestor it descends not, but must be sued by his administrator. If it descend unbroken to the heirs, as parceners, they are parties to the contract, by virtue of their joint estate, and tf it becomes a mere claim for damages in their hands, all the survivors, as in other personal action, must join as parties to the suit.
Judgment for the defendant.†

 See ante 333, note.